The opinion of the Court was delivered by
Dunkin, Ch. J.
The Commissioner in equity was originally impleaded with the other defendants, but as to him, the appeal was not prosecuted and the petition was dismissed at the last session of this Court. It remains to inquire whether the Chancellor erred in not ordering an erasure of payment on the bond, which had been endorsed by the Commissioner on 13th August, 1862. The decree has not determined that Confederate currency was a legal tender in payment of debts. It is only held that under the circumstances of this case, the petitioners interposing *174 their claim on 20th April, 1867, were not entitled to the active aid of this Court, in cancelling a receipt given on 13th August, 1862.
It is not proposed to repeat what is said by the Chancellor. But it is proved from the records, that prior to the decree of June, 1861, the petitioners, residents of Tennessee, had become parties in the cause, and were represented by their solicitor, who was actively engaged in substantiating their claim and prosecuting their interests. Under his supervision the order was made for the prompt collection of the bond constituting the funds of the estate. There was no qualification, no special direction to the officer, except that he should collect the bond “ with as little delay as possible.” It may be that at the date of the order (June, 1861,) Confederate notes were not y^t issued, and irredeemable bank paper alone was in circulation ; but soon after and before the payment in August, 1862, Confederate notes constituted equally the only circulating medium. In the meantime testimony was taken under the order of June, 1861, which established the claim of the petitioners, and on 4th May, 1863, the Commissioner presented his report, setting forth that the bond had been paid, and that the petitioners had established their right to participate in the undistributed property of the late Thomas Finley, '■ now in the hands of the Commissioner in Equity ” — and an order was accordingly made for payment of two-thirds of the fund to the petitioners. A fortnight afterwards, the solicitor of the several parties interested in the said fund, received from the Commissioner four hundred and ninety-seven dollars, “ in part of the shares of Anu Green, D. G. Finley, and Sarah Wiseman, being the amount applicable to fees and costs,” and two days subsequently, the same solicitor, as administrator of Ann Green, deceased, received from the Commissioner $799.45, on. account of her share in the same fund.
*175 Debtors have rights as well as creditors. In August, 1862, Alexander Hunter paid in full to the officers of the Court, the amount of his bond in the currency of the country, which bond the officer, by order of the Court, was directed to collect, and the obligor took his receipt for the same. The parties entitled to the fund, residing in an adjoining State, were represented by a solicitor in the cause, who was cognizant of all the facts, and who some months afterwards, received from the officer of the Court a part of the fund thus paid in. Nearly five years after the payment of the bond, and when the obligor was in his grave, this petition is preferred, seeking the aid of the Court, to open the transaction and cancel the receipt on the bond. The question is not whether bank bills or Confederate treasury notes, or anything other than gold and silver is a lawful tender in payment of debts: but whether, when a debtor has paid to an officer of the Court in these funds a debt, which he was required to collect, and taken his receipt in discharge of the same, the Court will at this distance of time, and at the instance of a party in the cause, repudiate the act of its officer and set up the claim against the debtor. It concerns the interest of the public that there should be an end of litigation. Where a transaction has been consummated and rights vested, the repose of society demands that it should not be opened.
The decree of the Chancellor is affirmed and .the appeal dismissed.
Wardlaw and Inglis, A. JJ., concurred.

Motion dismissed.